IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 1:11-cv-01513 LJO JLT |
| **Plaintiff,** | **ORDER GRANTING STIPULATION TO STAY THE MATTER UNTIL DECEMBER 3, 2012** |
| v. | |
| **APPROXIMATELY $11,075.91 IN U.S. CURRENCY,, et al.,** | (Doc. 29) |
| **Defendants.** | |

Before the Court is a stipulation of counsel to stay the action. (Doc. 29) Counsel report that Claimant Ronald Moats is gravely ill in Northern California and his wife, Claimant Sharon Moats, has moved to that area to attend to her husband. Id. at 1. Moreover, counsel for Plaintiff will begin maternity leave on August 17, 2012 and will be on leave until November 13, 2012. Id. As a result, the parties request a stay of the action until December 3, 2012. Id.

The Court has the "power to stay proceedings" as part of its inherent power to "control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). To evaluate whether to stay an action, the Court must the weigh competing interests that will be affected by the grant or refusal to grant a stay. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). Among these competing interests are, (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly

course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Id. (citing Landis, 299 U.S. at 254-55).

"The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997) (citing Landis, 299 U.S. at 255). "If there is even a fair possibility that the stay . . . will work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity." Landis, 299 U.S. at 255.  The Court's decision to grant or deny stay is discretionary. Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).

The agreement of all parties and the unavailability of counsel for Plaintiff and the two Claimants weights in favor of granting the stay.  No one claims that hardship or inequity will result from the stay nor does the Court find that the stay will complicate the matter.  Therefore, the Court finds that granting the stay is appropriate and the stipulation for the stay is **GRANTED**. Based upon the foregoing, the Court **ORDERS**,

1. The matter SHALL be **STAYED** until December 3, 2012;

2. No later than December 14, 2012, counsel **SHALL** file a joint request to lift the stay and a status report setting forth proposed dates for the remainder of the case.

IT IS SO ORDERED.

Dated:   **July 20, 2012**              /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE